UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

---

**LORI J. FUCHS**

      Plaintiff,

vs.

**BOARD OF EDUCATION FOR THE
    LADYSMITH SCHOOL DISTRICT,
SUSAN J. HENDRICKS,
JEFF WALLIN,
DAVID A. LANE,
OTIS HAMILTON,
EDGAR "SAM" BARG,
JOHN L. ZIEMER,
MARY BRZEZINSKI,**

      Defendants.

Case No.: _____

---

## COMPLAINT

---

The Plaintiff, LORI J. FUCHS, by her attorneys, Cullen Weston Pines & Bach LLP, for her complaint against the Defendants alleges as follows:

### INTRODUCTION

1. In this action, Plaintiff seeks damages and injunctive relief under the laws of the United States and the State of Wisconsin for the Defendants' breach of contract and denial of Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution regarding her property interest in her employment.

2. The Defendants have harmed Plaintiff by non-renewing her public-sector employment contract without just cause and without due process in violation of her employment contract and her Constitutional rights, enforceable via 42 U.S.C. §1983.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §1983 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, and 2201 in that Plaintiff's causes of action arise under 42 U.S.C. § 1983 and the United States Constitution.

5. This Court also has pendent jurisdiction over the related state breach of contract claim pursuant to 28 U.S.C. § 1367 in that the state claim is so related to the federal claims that they form part of the same controversy under Article III of the United States Constitution.

6. Venue herein is proper under 28 U.S.C. § 1391(b) because the Western District of Wisconsin is the judicial district in which all events and omissions giving rise to the claims occurred.

## PARTIES

7. Plaintiff Lori J. Fuchs ("Plaintiff") is an adult citizen of Rusk County in the State of Wisconsin.

8. Defendant Board of Education for the Ladysmith School District is the successor in interest to the Board of Education for the Ladysmith-Hawkins School District, and is a municipal school board organized and existing pursuant to the Wisconsin Statutes. Collectively they are referred to herein as "the District." The District's principal place of business is, and was at all times material to this Complaint, 1700 Edgewood Avenue East, Ladysmith, WI 54848.

9. Defendant Susan J. Hendricks ("Hendricks") is an adult citizen of the United States and, at all times material to this Complaint, was the President of the District's Board of Education and a resident of Rusk County in the State of Wisconsin. She is sued in her individual and official capacity for actions taken under color of law.

10. Defendant Jeff Wallin ("Wallin") is an adult citizen of the United States and, at all times material to this Complaint, was the Vice President of the District's Board of Education and a resident of Rusk County in the State of Wisconsin. He is sued in his individual and official capacity for actions taken under color of law.

11. Defendant David A. Lane ("Lane") is an adult citizen of the United States and, at all times material to this Complaint, was the Clerk of the District's Board of Education and a resident of Rusk County in the State of Wisconsin. He is sued in his individual and official capacity for actions taken under color of law.

12. Defendant Otis Hamilton ("Hamilton") is an adult citizen of the United States and, at all times material to this Complaint, was the Deputy Clerk of the

District's Board of Education and a resident of Rusk County in the State of Wisconsin. He is sued in his individual and official capacity for actions taken under color of law.

13. Defendant Edgar "Sam" Barg ("Barg") is an adult citizen of the United States and, at all times material to this Complaint, was the Treasurer of the District's Board of Education and a resident of Rusk County in the State of Wisconsin. He is sued in his individual and official capacity for actions taken under color of law.

14. Defendant John L. Ziemer is an adult citizen of the United States and, at all times material to this Complaint, was a member of the District's Board of Education and a resident of Rusk County in the State of Wisconsin. He is sued in his individual and official capacity for actions taken under color of law.

15. Defendant Mary Brzezinski ("Brzezinski") is an adult citizen of the United States and, at all times material to this Complaint, was a member of the District's Board of Education and a resident of Rusk County in the State of Wisconsin. She is sued in her individual and official capacity for actions taken under color of law.

16. At all times material to this Complaint, all individual Defendants were acting under color of law, under color of the statutes, ordinances, regulations, contracts, policies, customs, practices, and usages of the State of Wisconsin or the District.

## FACTS

17. Plaintiff hereby incorporates the allegations contained in the paragraphs above as though set forth here in their entirety.

18. Plaintiff was employed by the District as an Executive Secretary from 1994 until the District severed her from employment by non-renewing her employment contract effective August 1, 2009.

19. Beginning on July 1, 1998, the terms of Plaintiff's employment were governed by a series of written contracts with the District.

20. Between July 1, 1998 and June 30, 2002, the duration of the employment contracts between Plaintiff and the District was one year.

21. Beginning on July 1, 2002, the duration of the employment contracts between Plaintiff and the District was two years, and the parties typically entered into a new agreement every year, for the period of the following two years.

22. A true and correct copy of the written contract between the Plaintiff and the District for the two year period through June 30, 2009 is attached hereto as Exhibit A.

23. The written contract between the Plaintiff and the District for the two year period through June 30, 2009 contains the following provisions:

    G.    <u>Contract Termination.</u>

    * * * *
    4.    . . . For an Employee who has completed at least three (3) years of service to the District, the Board may discharge Employee during the term of this Contract for just cause. Employee shall receive written notice of the charges which are the basis for the discharge. Employee shall have an opportunity to request and have a fair and impartial hearing before the Board regarding those charges. Employee shall have the right to demand that the hearing be held in open session. Employee shall have the right to present testimony and cross examine those making the allegations. Employee shall have the right to be represented by counsel of his/her choice at such hearing. . . .

\* \* \* \*

    H.    <u>Contract Renewal/Nonrenewal.</u>  Employee shall receive written notice [sic] the reasons for nonrenewal.  Employee shall have an opportunity to request and have a fair and impartial hearing before the Board.  Employee shall have the right to demand that the hearing be held in open session.  Employee shall have the right to present testimony and cross examine those making the allegations.  Employee shall have the right to be represented by counsel of his/her choice at such a hearing. . . . In the event Employee has at least three (3) years of service in the district, the standard for nonrenewal shall be just cause.

24. The above-quoted clauses in the employment contract between Plaintiff and the District gave Plaintiff a property right in her continued employment, which could not be taken from her without the due process described in the contract.

25. The Plaintiff and the District did not enter into a new written contract for the period beginning July 1, 2009, nor did either party to the contract terminate, non-renew, or attempt to terminate or non-renew the July 1, 2007 through June 30, 2009 employment contract prior to or at the end of the contract term.

26. In years prior to 2009, the District frequently delayed in providing the Plaintiff with a new written employment contract until weeks or months after it formally began.  For example, the contract for the term July 1, 2007 through June 30, 2009 was not signed until late February 2008; the contract for the term July 1, 2004 through June 30, 2006 was not signed until November 2004; the contract for the term July 1, 2003 through June 30, 2005 was also not signed until November 2004; and the contract for the term July 1, 2001 through June 30, 2002 was not signed until mid- to late-July 2001.

27. Plaintiff continued to be employed by the District between July 1, 2009 and August 1, 2009, and performed work for the District in July 2009.

28. Throughout Plaintiff's employment, she met and exceeded all of her employer's reasonable expectations.

29. Plaintiff's work for the District was high quality.

30. Plaintiff's work for the District was exemplary.

31. At no time during her employment was Plaintiff ever disciplined.

32. By operation of law, the terms set forth in the July 1, 2007 through June 30, 2009 written contract between the Plaintiff and the District, attached hereto as Exhibit A, automatically renewed for a new two year term on July 1, 2009.

33. On or about July 16, 2009, the District Administrator for the District, Christopher Poradish ("Poradish"), told Plaintiff that the District had decided to non-renew her employment contract and that it would be formalizing its decision at the upcoming Board meeting.

34. On or about July 23, 2009, the members of the Board of Education for the Ladysmith-Hawkins School District, all of whom are named as Defendants herein, voted in an open meeting to non-renew Plaintiff's employment contract, effective August 1, 2009. Plaintiff was present in the audience when this vote took place.

35. The decision to non-renew Plaintiff's employment contract was not based on any allegations or finding of poor performance, bad behavior, or wrongdoing on Plaintiff's part.

36. As of July 23, 2009, Plaintiff continued to have a property right in her continued employment which could not be taken from her without the due process described in paragraph 23, above.

37. As of August 1, 2009, Plaintiff continued to have a property right in her continued employment which could not be taken from her without the due process described in paragraph 23, above.

38. On or about August 19, 2009, Plaintiff received via certified mail, restricted delivery, return receipt requested, a letter from Poradish that had been sent on August 18, 2009 but dated July 27, 2009, informing her of the decision to non-renew her employment contract. A true and correct copy of that letter is attached hereto as Exhibit B.

39. At no time prior to the decision to non-renew Plaintiff's employment contract did the individual members of the Board, the District, or anyone on behalf of them provide Plaintiff with written reasons for the non-renewal.

40. At no time, either prior to the decision to non-renew Plaintiff's employment contract or after it, did the individual members of the Board, the District, or anyone on behalf of them  provide Plaintiff with an opportunity to request or receive a fair and impartial hearing before the Board on the decision to non-renew her contract.

41. At no time, either prior to the decision to non-renew Plaintiff's employment contract or after it, did the individual members of the Board, the District, or

anyone on behalf of them provide Plaintiff with an opportunity to present testimony or cross examine any witnesses against her.

42. The individual members of the Board and the District had no just cause to terminate Plaintiff's employment.

43. The individual members of the Board and the District had no just cause to non-renew Plaintiff's employment contract.

44. On October 12, 2009, Plaintiff had a "Notice of Claims & Claims Pursuant to Wis. Stat. § 893.80" ("Claim") served on the District, by its President, Clerk, and District Administrator, in response to the illegal nonrenewal of Plaintiff's employment contract.

45. The District formally denied the Claim in writing dated February 4, 2010.

46. This lawsuit is timely filed within the statute of limitations applicable to state law claims pursuant to Wis. Stat. §893.80, as well as within the statute of limitations applicable to claims under 42 U.S.C. §1983.

### FIRST CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT SUSAN J. HENDRICKS

47. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

48. As President and a member of the Board of Education, Hendricks is a policymaking official whose individual actions were taken under the color of law.

49. At all times material to this Complaint, Plaintiff had a property right in her employment with the District.

50. By non-renewing Plaintiff's employment contract without a hearing and without just cause, Hendricks deprived Plaintiff of her property right without Due Process, as protected by the Fourteenth Amendment to the U.S. Constitution.

51. As a result of Hendrick's actions, Plaintiff was wrongfully terminated and has suffered special and actual damages.

### SECOND CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT JEFF WALLIN

52. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

53. As Vice President and a member of the Board of Education, Wallin is a policymaking official whose individual actions were taken under the color of law.

54. At all times material to this Complaint, Plaintiff had a property right in her employment with the District.

55. By non-renewing Plaintiff's employment contract without a hearing and without just cause, Wallin deprived Plaintiff of her property right without Due Process, as protected by the Fourteenth Amendment to the U.S. Constitution.

56. As a result of Wallin's actions, Plaintiff was wrongfully terminated and has suffered special and actual damages.

### THIRD CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT DAVID A. LANE

57. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

58. As Clerk and a member of the Board of Education, Lane is a policymaking official whose individual actions were taken under the color of law.

59. At all times material to this Complaint, Plaintiff had a property right in her employment with the District.

60. By non-renewing Plaintiff's employment contract without a hearing and without just cause, Lane deprived Plaintiff of her property right without Due Process, as protected by the Fourteenth Amendment to the U.S. Constitution.

61. As a result of Lane's actions, Plaintiff was wrongfully terminated and has suffered special and actual damages.

### FOURTH CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT OTIS HAMILTON

62. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

63. As Deputy Clerk and a member of the Board of Education, Hamilton is a policymaking official whose individual actions were taken under the color of law.

64. At all times material to this Complaint, Plaintiff had a property right in her employment with the District.

65. By non-renewing Plaintiff's employment contract without a hearing and without just cause, Hamilton deprived Plaintiff of her property right without Due Process, as protected by the Fourteenth Amendment to the U.S. Constitution.

66. As a result of Hamilton's actions, Plaintiff was wrongfully terminated and has suffered special and actual damages.

### FIFTH CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT EDGAR "SAM" BARG

67. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

68. As Treasurer and a member of the Board of Education, Barg is a policymaking official whose individual actions were taken under the color of law.

69. At all times material to this Complaint, Plaintiff had a property right in her employment with the District.

70. By non-renewing Plaintiff's employment contract without a hearing and without just cause, Barg deprived Plaintiff of her property right without Due Process, as protected by the Fourteenth Amendment to the U.S. Constitution.

71. As a result of Barg's actions, Plaintiff was wrongfully terminated and has suffered special and actual damages.

### SIXTH CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT JOHN L. ZIEMER

72. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

73. As a member of the Board of Education, Ziemer is a policymaking official whose individual actions were taken under the color of law.

74. At all times material to this Complaint, Plaintiff had a property right in her employment with the District.

75. By non-renewing Plaintiff's employment contract without a hearing and without just cause, Ziemer deprived Plaintiff of her property right without Due Process, as protected by the Fifth and Fourteenth Amendment to the U.S. Constitution.

76. As a result of Ziemer's actions, Plaintiff was wrongfully terminated and has suffered special and actual damages.

### SEVENTH CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT MARY BRZEZINSKI

77. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

78. As a member of the Board of Education, Brzezinski is a policymaking official whose individual actions were taken under the color of law.

79. At all times material to this Complaint, Plaintiff had a property right in her employment with the District.

80. By non-renewing Plaintiff's employment contract without a hearing and without just cause, Brzezinski deprived Plaintiff of her property right without Due Process, as protected by the Fourteenth Amendment to the U.S. Constitution.

81. As a result of Brzezinski's actions, Plaintiff was wrongfully terminated and has suffered special and actual damages.

### EIGHTH CLAIM FOR RELIEF - BREACH OF CONTRACT
### BY DEFENDANT BOARD OF EDUCATION FOR THE
### LADYSMITH-HAWKINS/LADYSMITH SCHOOL DISTRICT

82. Plaintiff hereby incorporates the allegations contained in paragraphs above as set forth here in their entirety.

83. At all times material to this Complaint Plaintiff had an employment contract with the District.

84. The employment contract between Plaintiff and the District required just cause for nonrenewal.

85. The District's non-renewal of Plaintiff without just cause violated the employment contract between Plaintiff and the District.

86. The District's non-renewal of the employment contract between Plaintiff and the District breached the duty of good faith and fair dealing inherent in every contract.

87. The District's non-renewal of the employment contract between Plaintiff and the District has caused Plaintiff damages, including but not limited to loss of salary and benefits.

**WHEREFORE,** Plaintiff Lori Fuchs respectfully requests that this Court find that her nonrenewal was without just cause and without due process; provide injunctive relief in the form of specific performance under the contract including restoring her to a comparable position with the District; award special, actual, compensatory, and punitive damages; award attorney's fees and costs pursuant to 42 U.S.C. §1988(b); enter

judgment against Defendants; and grant such further relief as the Court may deem just and appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Dated this 28th day of July, 2010.

                                              CULLEN WESTON PINES & BACH LLP

                                              By:    /s Tamara B. Packard
                                                         Tamara B. Packard, SBN 1023111
                                                         122 West Washington Avenue
                                                         Suite 900
                                                         Madison, WI 53703
                                                         Telephone:   (608) 251-0101
                                                         Facsimile: (608) 251-2883
                                                         E-mail: Packard@cwpb.com

Attorneys for Plaintiff Lori J. Fuchs